UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD BUZZARD, JR.,<br><br>    Petitioner,<br><br> v.<br><br>JACK WARNER,<br><br>    Respondent. | CASE NO. 2:25-CV-1581-DGE-DWC<br><br>ORDER DECLINING TO SERVE AND DIRECTING PETITIONER TO SHOW CAUSE |

  Petitioner Ronald Buzzard, Jr. has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 8. Under Rule 4 of the Rules Governing § 2254 cases ("Section 2254 Rules"), the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

  The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). Petitioner states he is challenging a 2002

King County conviction. Dkt. 8. Petitioner has already challenged this conviction in this Court and any additional challenge is likely successive. *See Buzzard v. Glebe*, 2:14-cv-1663-MJP (October 15, 2015); *see also Buzzard v. Uttecht*, 2:21-cv-1061-JCC (finding one ground for relief was successive). Additionally, the Court may dismiss a duplicative petition as frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations omitted). Here, several, if not all, of Petitioner's claims appear to be duplicative of claims raised in a 2021 petition. *See Buzzard v. Uttecht*, 2:21-cv-1061-JCC. Therefore, Petitioner must show cause why this case should not be dismissed as successive and duplicative.

The Court notes Petitioner may be attempting to raise claims pursuant to 42 U.S.C. § 1983. Dkt. 8. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

Here, it is not clear if Petitioner is challenging the constitutionality of his physical confinement or the conditions of his confinement. For example, Petitioner appears to be challenging community custody conditions from 2016-2020, which are not related to his current incarceration. He does not allege the duration of his confinement is impacted by the alleged constitutional violations. *See* Dkt. 8. Thus, if Petitioner is attempting to raise constitutional violations under § 1983, Petitioner must show cause why this action should not be dismissed for failure to state a claim.

1  Accordingly, for the above stated reasons, if Petitioner wishes to proceed with this action, on or before **October 27, 2025**, Petitioner must show cause why this case should not be dismissed as successive or duplicative. He should also provide an explanation as to how the grounds in the Petition are cognizable under § 2254.

If Petitioner fails to respond to this Order on or before October 27, 2025, the Court will recommend dismissal of this action. Petitioner may also move to voluntarily dismiss this action.

Dated this 26th day of September, 2025.

David W. Christel
United States Magistrate Judge

ORDER DECLINING TO SERVE AND
DIRECTING PETITIONER TO SHOW CAUSE - 3