1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

| | |
|---|---|
| RONALD BUZZARD, JR., | CASE NO. 2:25-cv-01581-DGE |
| Petitioner, | ORDER DENYING MOTION FOR EMERGENCY INJUNCTION (DKT. NO. 14) |
| v. | |
| JACK WARNER, | |
| Respondent. | |

16

17

18

19

20

21

22

23

24

Before the Court is Petitioner's motion for an emergency injunction requiring Respondent to return his Securus Tablet, which was taken away by the Washington Department of Corrections as a punishment on November 18, 2025.[1]  (Dkt. No. 14.)  Petitioner contends he has all his "legal work, research, briefs, motions, etc." on the tablet.  (*Id.* at 1.)  Petitioner asserts

---

[1] Petitioner also requests an extension of time to file objections to the Report and Recommendation ("R&R") issued by United States Magistrate Judge David W. Christel.  (Dkt. No. 14 at 3.) Petitioner's motion is dated November 19, 2025, the day before the Court issued an order (Dkt. No. 13) granting Petitioner's previous motion for an extension of time to object to the R&R.

1    prison staff took away his tablet in retaliation for Petitioner's exercise of his constitutional rights.

2    (*Id.*)

3        To obtain a preliminary injunction, a movant must establish, among other things, that "he

4    is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. NRDC*, 555

5    U.S. 7, 20 (2008). "A request for injunctive relief remains live only so long as there is some

6    present harm left to enjoin." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir.

7    2017) (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)). A

8    preliminary injunction becomes moot once the movant has "obtained the relief he sought."

9    *Hogue v. Yordy*, 796 F. App'x 955, 955 (9th Cir. 2020) (citing *id.*).

10       The sanction imposed on Petitioner is set to end tomorrow, November 25, 2025, and his

11   tablet will be returned at 5:00 P.M. on that day. (Dkt. No. 14 at 6.) Any alleged harm will end at

12   that time and Petitioner's motion for an emergency injunction will be moot. Petitioner's

13   objections to the R&R are currently due on December 1, 2025. (Dkt. No. 13.) To compensate

14   for the seven days Petitioner was without his tablet, the Court will extend Petitioner's deadline to

15   file objections to the R&R to December 8, 2025. Petitioner, of course, is welcome to file his

16   objections sooner than December 8, 2025 if he wishes.

17       Accordingly, Petitioner's motion for an emergency injunction (Dkt. No. 14) and

18   Petitioner's motion to expedite (Dkt. No. 15) are DENIED.

19       Dated this 24th day of November, 2025.

20

21   

22   David G. Estudillo
     United States District Judge

23

24