UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BUZZARD, JR.,

                    Petitioner,

          v.

JACK WARNER,

                    Respondent.

CASE NO. 2:25-CV-1581-DGE

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge David W. Christel.  (Dkt. No. 11.)  Having reviewed the R&R and the remaining record *de novo*, and considered Petitioner's objections, the Court ADOPTS the R&R.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2025, Petitioner Ronald Buzzard, Jr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. No. 8.)  Petitioner identified that in July 2020, his community custody was revoked and he "was sent back to prison for 8 years" based on violating conditions of community custody related to "social media access" (*id*. at 5), "sexually explicit materials" (*id*. at 7), and a "warrantless search of his smart phone (*id*. at 12).  Petitioner identifies a number of other community custody conditions that he asserts are unlawful but does not assert

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

they formed the basis to revoke his community custody and place him in custody for eight years. (*See id*. at 8, 10, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32.)

On September 26, 2025, Judge Christel issued an order declining to serve the petition and directing Petitioner to show cause why this case should not be dismissed as successive or duplicative. (Dkt. No. 9.) Judge Christel noted Petitioner is challenging his 2002 conviction in King County, which he has previously challenged in this Court. (*Id.* at 1–2.) Judge Christel also found several, if not all, of Petitioner's claims appeared to be duplicative of claims raised in a 2021 petition. (*Id.* at 2.) Judge Christel also questioned whether Petitioner's claims, which challenge his community custody conditions, were more properly brought pursuant to 42 U.S.C. § 1983.[1] (*Id.*)

On October 21, 2025, Petitioner responded to the order to show cause, arguing his petition was not second or successive because the issues raised in his current petition have never been decided on the merits. (Dkt. No. 10.) Petitioner further argued his petition was not successive because it challenges new community custody conditions added in 2023. (*Id.* at 3–4.)

On October 31, 2025, Judge Christel issued an R&R recommending the Court dismiss the petition. (Dkt. No. 11.) Judge Christel noted Petitioner has filed multiple habeas petitions between 2016 and 2025 and either could have, or did, raise challenges to community custody conditions imposed between 2016 and 2020. (*Id.* at 2.) Judge Christel found Petitioner's current petition was successive because his previous petitions related to his 2002 conviction and 2016 community custody conditions have been adjudicated on the merits and Petitioner had not shown

---

[1] The Court notes Petitioner did recently file a lawsuit in this district asserting claims pursuant to § 1983. *Buzzard v. Lewis et al*, 2:25-cv-01582-JHC. The Court dismissed the case on September 29, 2025. Petitioner has also recently filed two other lawsuits in this district seeking habeas relief. *Buzzard v. Warner*, 2:24-cv-01381-BJR; *Buzzard v. Warner*, 2:25-cv-01140-JCC. The Court dismissed both cases.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

why the claims raised in his current petition could not have been raised in his previously filed petitions. (*Id.*) Judge Christel further found that Petitioner's previous petitions had been decided on the merits, and that Petitioner's claims challenging the community custody conditions imposed between 2016 and 2020 are frivolous because they could have been raised in the previous petitions. (*Id.* at 3.) Judge Christel also found Petitioner's petition was time-barred because Petitioner would have been aware of the constitutionality of the community custody conditions in 2016, but did not file any type of post-conviction relief until more than one year after his community custody conditions were enforced. (*Id.* at 3–4.)

On December 5, 2025, Petitioner filed objections to the R&R. (Dkt. No. 17.) Petitioner contends his current petition is not successive because some of the community custody conditions he contests, such as the condition restricting his relationships, were added after he filed his 2021 habeas petition.[2] (*Id.* at 1.)

## II.    LEGAL STANDARD

A district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

## III.    DISCUSSION

To the extent Petitioner challenges the community custody conditions imposed between 2016 and 2020, the Court finds petitioner's petition is successive, duplicative, and untimely for

---

[2] In his response to the order to show cause, Petitioner states these conditions were added in 2023. (Dkt. No. 10 at 4.) In his objections to the R&R, Petitioner asserts these new conditions were imposed in 2024. (Dkt. No. 17 at 1.) Meanwhile, the petition identifies this condition was added "upon release," which appears to reference upon his release in 2016. (*See* Dkt. No. 8 at 10.)

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

the reasons set forth in the R&R.  To the extent the petition challenges the "relationship conditions" allegedly added after 2020, Petitioner includes little to no information about these conditions (*see* Dkt. No. 8 at 10) and he is uncertain as to when or how exactly they were imposed.  (*See* n.2 *supra*.)  Moreover, it also appears his arguments are moot as he is not currently subject to conditions of community custody because he remains in custody.  Petitioner, therefore, identifies no basis to conclude the R&R incorrectly concluded his petition is time-barred.

## IV.    CONCLUSION

The Court, having reviewed the Report and Recommendation (Dkt. No. 11) of Magistrate Judge David W. Christel, objections to the Report and Recommendation, and the remaining record *de novo*, does hereby find and ORDER:

(1)    The Court ADOPTS the Report and Recommendation in full.

(2)    Petitioner's federal habeas Petition (Dkt. No. 8) is DISMISSED.

(3)    A certificate of appealability is denied in this case.

(4)    The Clerk is directed to send copies of this Order to Petitioner and to the Hon. David W. Christel.

**DATED** this 30th day of January, 2026.

David G. Estudillo
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 4